[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 21-12124

Non-Argument Calendar

_____

LEFT FIELD HOLDINGS III,

Plaintiff-Appellant,

*versus*

COLONY INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:20-cv-24700-PCH

_____

Before WILSON, ROSENBAUM, and ANDERSON, Circuit Judges.

PER CURIAM:

This appeal presents the question of whether, under Florida law, a commercial property insurance policy that provides coverage for direct physical loss or damage to the covered property insures against losses and expenses incurred because of COVID-19. Plaintiff-Appellant Left Field Holdings III, LLC (Left Field) purchased such a policy from Defendant-Appellee Colony Insurance Company (Colony) to insure its restaurant. Following the suspension of business operations due to the COVID-19 pandemic, Left Field sought to recover for its losses and expenses under the policy. When Colony failed to pay for those losses and expenses, Left Field sued Colony for declaratory judgment and breach of contract. Left Field alleged that Colony failed to pay for the covered losses of "Business Interruption," "Extra Expense," and "Civil Authority." All of these coverages require direct physical loss or damage to the property.

The district court granted judgment on the pleadings in favor of Colony because it determined that direct physical loss or damage requires tangible and concrete changes to the property and losses sustained by COVID-19 are thus not covered under the

policy.   On appeal of the district court's judgment on the pleadings,[1] Left Field argues that direct physical loss or damage does not require structural alteration of the property.  Although the Florida Supreme Court and the Florida District Courts of Appeal have not addressed this issue, we held in *SA Palm Beach, LLC v. Certain Underwriters at Lloyd's London*, No. 20-14812, -- 4th --, 2022 WL 1421414, at *8 (11th Cir. May 5, 2022), that "physical loss of or damage" requires "some tangible alteration of the property."  Accordingly, there is "no coverage for loss of use based on intangible and incorporeal harm to the property due to COVID-19."  Since losses and expenses sustained because of COVID-19 are intangible and physical loss or damage requires tangible alteration of the property, Left Field's claimed losses and expenses are not covered under the policy.  The district court's judgment on the pleadings in favor of Colony is affirmed.

   **AFFIRMED.**

---

[1] We review de novo a district court's order granting judgment on the pleadings. *Perez v. Wells Fargo N.A.*, 774 F. 3d 1329, 1335 (11th Cir. 2014).